rent litigation involves a different appraisal, appraiser, Town assessor and Town attorney. There is no proof that Brennan "acquired any confidential information during the prior representation" and, under the circumstances, "there is no realistic possibility that confidences were disclosed" that would be relevant to the current litigation (*CNY Mech. Assocs. v Fidelity & Guar. Ins. Co.*, 229 AD2d 950, 951; *see also, Millar El. Indus. v 421 Port Assocs.*, 228 AD2d 272). Respondents have merely alleged that Brennan obtained confidential information, without specifying the nature of that information or how it would bear on the issues in the current litigation (*see, Yasuda Trust & Banking Co. v 250 Church Assocs.*, 206 AD2d 259, 260; *Lightning Park v Wise Lerman & Katz*, 197 AD2d 52, 55).

All concur, Wesley, J., not participating. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Disqualify Counsel.) Present—Denman, P. J., Pine, Wesley, Doerr and Balio, JJ.

■ In the Matter of NIAGARA MOHAWK POWER CORPORATION, Appellant, v TOWN OF TONAWANDA ASSESSOR et al., Respondents. KENMORE TOWN OF TONAWANDA UNION FREE SCHOOL DISTRICT et al., Intervenors-Respondents. (Appeal No. 2.) [653 NYS2d 906] —Order reversed on the law without costs and motion denied. Same Memorandum as in *Matter of Niagara Mohawk Power Corp. v Town of Tonawanda Assessor* ([appeal No. 1] 236 AD2d 783 [decided herewith]).

All concur, Wesley, J., not participating. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Disqualify Counsel.) Present—Denman, P. J., Pine, Wesley, Doerr and Balio, JJ.

■ In the Matter of NIAGARA MOHAWK POWER CORPORATION, Appellant, v TOWN OF TONAWANDA ASSESSOR et al., Respondents. KENMORE TOWN OF TONAWANDA UNION FREE SCHOOL DISTRICT et al., Intervenors-Respondents. (Appeal No. 3.) [653 NYS2d 907] —Order reversed on the law without costs and motion denied. Same Memorandum as in *Matter of Niagara Mohawk Power Corp. v Town of Tonawanda Assessor* ([appeal No. 1] 236 AD2d 783 [decided herewith]).

All concur, Wesley, J., not participating. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Disqualify Counsel.) Present—Denman, P. J., Pine, Wesley, Doerr and Balio, JJ.

■ In the Matter of NIAGARA MOHAWK POWER CORPORATION, Appellant, v TOWN OF TONAWANDA ASSESSOR et al.,

Respondents. KENMORE TOWN OF TONAWANDA UNION FREE SCHOOL DISTRICT et al., Intervenors-Respondents. (Appeal No. 4.) [653 NYS2d 907] —Order reversed on the law without costs and motion denied. Same Memorandum as in *Matter of Niagara Mohawk Power Corp. v Town of Tonawanda Assessor* ([appeal No. 1] 236 AD2d 783 [decided herewith]).

All concur, Wesley, J., not participating. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Disqualify Counsel.) Present—Denman, P. J., Pine, Wesley, Doerr and Balio, JJ.

■ ALAN SAHR et al., Respondents-Appellants, v SUSAN R. SCHMIDLI et al., Appellants-Respondents, et al., Defendants. [653 NYS2d 468] —Order affirmed without costs. Memorandum: Plaintiffs commenced this action in 1984 to recover damages for injuries sustained when they were assaulted in a bar owned by defendant Baretta's Lounge, Inc., in the City of Niagara Falls. The complaint alleges that defendants are liable under the Dram Shop Act (General Obligations Law § 11-101) for unlawfully selling alcohol to the assailants, who were allegedly intoxicated at the time of the assault. The complaint further alleges causes of action for negligence and breach of warranty. Defendants moved for summary judgment dismissing the complaint and plaintiffs cross-moved for partial summary judgment. Supreme Court granted in part defendants' motion for summary judgment by dismissing the third and sixth causes of action for breach of warranty, dismissing all causes of action against defendants Baretta Realty Corp. and Ronald Schmidli, and limiting the scope of liability of defendant Susan R. Schmidli "to those claims of negligence that can be directly attributed to her." The court denied plaintiffs' cross motion for partial summary judgment in its entirety. Both defendants and plaintiffs appeal, and we affirm.

The court properly denied defendants' motion with respect to the causes of action under the Dram Shop Act because defendants failed to offer proof "negat[ing] the possibility that alcohol was unlawfully served" to the assailants (*Costa v 1648 Second Ave. Rest.*, 221 AD2d 299, 301; *cf., MacDougall v Kelsch*, 161 AD2d 886, 887). The court also properly denied plaintiffs' cross motion for partial summary judgment with respect to those causes of action because plaintiffs failed to meet their initial burden of establishing entitlement to judgment as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). In support of their motion, plaintiffs submitted proof that, during the two hours preceding the attack on plaintiffs, the assailants were served four or five bottles of beer and an